**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHERECE SHEMEKA BROWN,<br>Plaintiff,<br><br>v.<br><br>CBS NEWS, INC., CBS BROADCASTING INC., PARAMOUNT GLOBAL d/b/a PARAMOUNT, LAURA FORAN, ALISON HAWLEY, BRIAN NALESNIK, MELISSA MCKEON, MARY HAGER, RICK JEFFERSON, ROSS DAGAN, MICHAEL GARRY RODERICK, and DANIEL KLOS,<br>Defendants. | Civil Action No. 1:26-CV-02100 (JMC) |

**JOINT LOCAL RULE 16.3 REPORT**

The Parties, by and through undersigned counsel, hereby file their Joint Local Rule 16.3 Report pursuant to Local Civil Rule 16.3(c), Local Civil Rule 16.3(d), and Federal Rule of Civil Procedure 26(f)(2). Counsel for the parties conferred on September 23, 25, 30, and October 6, 7, 2026, and jointly prepared this Report for filing.

## I. Pending Motion to Stay

Defendants' proposals in this Report are made without prejudice to their pending Motion to Stay This Action Pending Resolution of the Parallel New York State Court Proceeding (Dkt. No. 18), and their Reply in Further Support thereof (Dkt. No. 20). Defendants reserve all arguments raised therein, including that this action should be stayed.

Plaintiff opposes the Motion to Stay. *See* Dkt. No. 19. The pendency of the Motion does not stay discovery, and Plaintiff proposes that discovery proceed on the schedule set forth below

while the Motion is pending. Plaintiff's proposals in this Report are made without prejudice to her opposition.

## II. Rule 26(f) Matters

### A. Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.

The parties will exchange initial disclosures within 30 days after entry of the Court's scheduling order.

### B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

Plaintiff anticipates discovery concerning, among other subjects, her employment at Defendants' Washington, D.C. Bureau from November 2020 through her termination; workload, staffing, compensation, and reimbursement practices at the D.C. Bureau, including the treatment of comparators; the January 2024 selection for the *Face the Nation* Backup Director position; Plaintiff's internal complaints and Defendants' responses to them; the removal of Plaintiff's control room access, the elimination of her position, and her termination; and Plaintiff's damages. Defendants anticipate seeking discovery regarding any nonprivileged matter that is reasonably likely to lead to the discovery of admissible evidence related to Plaintiff's 330-paragraph Complaint and Defendants' asserted defenses, within the scope of discovery set forth in Fed. R. Civ. P. 26(b).

The parties agree to proceed with discovery in two phases: Phase 1 for written discovery (including interrogatories, document requests, and requests for admission) ending March 30, 2027; and Phase 2 for depositions beginning April 1, 2027 and ending July 30, 2027.

**C. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that all potentially relevant and material evidence, including electronically maintained evidence, shall be preserved throughout the end of the trial and should be produced, if requested, in the form in which it is maintained by the Party. Defendants further propose that ESI be produced in the form in which it is ordinarily maintained or in a reasonably usable form. The parties will meet and confer regarding search terms, custodians, and the date range for ESI searches before commencing ESI discovery. The parties agree to cooperate in good faith to minimize the costs and burdens of ESI discovery.

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties agree to provide privilege logs no later than 30 days after production and not to log any privileged communications that occurred after February 27, 2025, the date Plaintiff filed her claims against the same Defendants in New York. The parties further agree to address issues of inadvertent disclosure in accordance with the applicable rules. The parties further propose that the Court enter an order under Federal Rule of Evidence 502(d) providing that the production of privileged or protected material, whether inadvertent or otherwise, does not waive the privilege or protection in this action or in any other federal or state proceeding.

**E. Changes that should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties do not anticipate that changes need to be made to any limitation on discovery imposed by either the Federal Rules or the Local Rules of this Court. In the event a party seeks additional discovery, they will confer before seeking leave of court for such additional discovery.

**F. Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

The parties expect to be able to agree to a stipulated protective order for the purpose of protecting against the disclosure of confidential, proprietary and/or personal information of the parties and will submit such stipulated protective order to the Court for execution and entry.

Plaintiff further proposes that the Court enter an order coordinating discovery in this action with discovery in *Brown v. CBS News, Inc.*, Index No. 152570/2025 (N.Y. Sup. Ct. N.Y. Cnty.) (the "New York Action"), providing that (i) documents and written discovery responses produced in either action are deemed produced in both, subject to the protective order governing each; (ii) a witness noticed for deposition in both actions will be deposed once, on a cross-notice, for up to ten hours on the record; and (iii) a witness deposed in the New York Action before depositions proceed in this action may be deposed in this action, without leave of Court, on subjects outside the scope of discovery in the New York Action, and that deposition will not count toward the limits in Section II.E.

Defendants oppose such an order. Plaintiff's position that discovery in this action should be combined with the ongoing discovery in her parallel New York action reveals that her insistence in opposition to Defendants' Motion to Stay that these are two separate actions was not accurate. *See* Dkt. No. 19. By making this request, Plaintiff is apparently trying to litigate the same factual issues in two forums simultaneously. Defendants are willing to meet and confer further about whether documents produced in New York can be used in this litigation, subject to the court's entry of a mutually agreeable confidentiality order. Defendants do not agree to limit deposition time or scope based on Plaintiff's decision to sue Defendants in two different forums at the same time.

## III. <u>Local Rule 16.3(c) Matters</u>

**(1) Dispositive Motions.** Plaintiff does not believe this case is likely to be disposed of by dispositive motion. Defendants anticipate filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

**(2) Joinder/Amendment of Pleadings.** The parties propose a deadline of 60 days after the Court's scheduling order for joining other parties and/or amending the pleadings.

**(3) Assignment to Magistrate Judge.** The parties do not have an agreement on consent to assignment to a magistrate judge.

**(4) Possibility of Settlement.** The parties have previously discussed settlement and those talks were unsuccessful. After the close of discovery, the parties will be in position to further assess the matter and engage in discussions regarding pre-trial resolution.

**(5) Alternative Dispute Resolution.** The parties believe that ADR, if at all, would be most fruitful after completion of discovery and submission of summary judgment motions.

**(6) Cross-Motions for Summary Judgment.** The parties agree that cross motions for summary judgment should be filed by 60 days after the close of all discovery, including expert discovery. The parties propose that oppositions be due forty-five (45) days after service of the motions, and that reply briefs be due thirty (30) days after service of the oppositions.

**(7) Initial Disclosures.** The parties will exchange initial disclosures within 30 days after entry of the Court's scheduling order.

**(8) Extent of Discovery.** The parties propose July 30, 2027 as the deadline for conducting discovery.

**(9) Expert Witness Reports.** The parties will generally follow FRCP Rule 26(a)(2) but propose the following schedule for expert discovery: Disclosure of experts shall be submitted

by April 30, 2027; submission of expert reports shall be submitted by May 28, 2027, with any depositions to occur by June 25, 2027; and rebuttal expert report(s) due by July 23, 2027, with any depositions to occur prior to the close of discovery.

**(10) Bifurcated Trial and/or Discovery.** The parties agree that neither discovery nor trial should be bifurcated.

**(11) Pretrial Conference Date.** The parties propose that a pretrial conference be held sixty (60) days after the resolution of any dispositive motions filed with the Court. If no dispositive motions are filed, the parties propose that a pretrial conference be held ninety (90) days after the close of discovery.

**(12) Trial Date.** The parties agree that the trial date should be set at the pretrial conference.

Dated: October 8, 2026

Respectfully submitted,

*<u>/s/ Derek S. Sells</u>*
Derek S. Sells (D.C. Bar No. 420398)
The Cochran Firm, P.C.
17 State Street, 14th Floor
New York, New York 10004
(212) 553-9214
dsells@cochranfirm.com

*Attorneys for Plaintiff*

*<u>/s/ Jeremy Ben Merkelson</u>*
Jeremy Ben Merkelson (D.C. Bar No. 997281)
Davis Wright Tremaine LLP
1301 K Street NW
Suite 500 East
Washington, D.C. 20005-3317
(202) 973-4200
(202) 973-4499 (fax)
JeremyMerkelson@dwt.com

*Attorneys for Defendants*