**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHERECE SHEMEKA BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CBS NEWS, INC. *et al.*,<br><br>Defendants. | Case No. 26-cv-2100 (JMC) |

**ORDER**

In 2025, Sherece Shemeka Brown sued Defendants in New York state court for employment discrimination under the New York State Human Rights Law and New York City Human Rights Law. ECF 18 at 7. In May 2026, the state court dismissed the portions of Brown's claims premised on conduct in the District of Columbia for lack of subject-matter jurisdiction. ECF 19 at 6. This meant dismissal of Brown's claims against most of the individual defendants in this case. *See* ECF 18-2 at 13. About a month later, Brown filed this action alleging that Defendants' conduct violated 42 U.S.C. § 1981 and the D.C. Human Rights Act. ECF 19 at 7. Defendants moved for a stay under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) or the Court's inherent equitable authority. ECF 18. For the reasons below, Defendants' motion to stay this action pending resolution of the parallel New York state court proceeding is DENIED.[1]

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

"The *Colorado River* doctrine . . . permits a federal court to stay or dismiss a federal action in favor of a concurrent action in state court under exceptional circumstances." *Edge Inv., LLC v. District of Columbia*, 927 F.3d 549, 550 (D.C. Cir. 2019) (quoting *Colo. River*, 424 U.S. at 813). In applying the doctrine, courts balance: "[1] which court first assumed jurisdiction over property; [2] the inconvenience of the federal forum; [3] the desirability of avoiding piecemeal litigation; [4] . . . the order in which jurisdiction was obtained[;] . . . [5] whether federal or state law controls[;] and [6] whether the state forum will adequately protect the interests of the parties." *Id.* at 553 (first quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983); and then citing *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 352 (D.C. Cir. 2003)). In assessing these factors, the "balance" is "heavily weighted in favor of the exercise of jurisdiction," such that a stay or dismissal is warranted in "only truly exceptional circumstances." *Id.* at 554 (first quoting *Moses H. Cone*, 460 U.S. at 16; and then quoting *Hoai v. Sun Refin. & Mktg. Co.*, 866 F.2d 1515, 1518 (D.C. Cir. 1989)). The D.C. Circuit takes a very restrictive view of the doctrine (one that is largely ignored by Defendants). *See id.* at 553 (noting D.C. Circuit had "never found . . . circumstances" justifying *Colorado River* stay).

Defendants primarily argue that a stay is warranted to avoid piecemeal litigation involving "simultaneous discovery on the same alleged events." ECF 18 at 18; *see also* ECF 20 at 7 ("The actions are . . . inextricably intertwined from a factual-development perspective . . . ."). "But the mere risk of duplicating efforts and different results is not what the Supreme Court meant by piecemeal litigation." *Edge*, 927 F.3d at 555; *see also Hoai*, 866 F.2d at 402 ("The mere desire to resolve all issues involving related facts in one court does not justify depriving [a plaintiff] of [their] federal forum."). Instead, the party invoking *Colorado River* must show a likelihood of "piecemeal litigation that is abnormally excessive or deleterious." *Edge*, 927 F.3d at 556; *see also*

*Evans v. Unison Agreement Corp.*, No. 26-cv-999, 2026 WL 2363615, at *4 (D.D.C. Aug. 14, 2026) (noting *Colorado River* found risk of piecemeal litigation when federal litigation involved approximately 1,000 defendant water users and state-court proceeding would "simultaneously adjudicate[] all . . . water rights"). Defendants' assertion that "judicial economy alone compels a stay" is not the law in this Circuit. ECF 20 at 9. And the mere risk of overlapping "discovery on the same events," ECF 18 at 18, is not a "truly exceptional circumstance[]" so much as a "garden-variety" consequence of the federal system, *Edge*, 927 F.3d at 554, 556.

Defendants also argue that there is no reason to believe "the New York court cannot adequately protect Plaintiff's rights." ECF 18 at 18. That's true to the extent of Brown's claims still before that court. But "it would be a serious abuse of discretion to grant the stay" "if there is any substantial doubt" "that the parallel state-court litigation would be an adequate vehicle for the *complete and prompt* resolution of the issues between the parties." *Moses H. Cone*, 460 U.S. at 28 (emphasis added); *see also* ECF 19 at 11 ("A stay would not avoid piecemeal litigation; it would guarantee it, in sequence rather than in parallel."). As Brown points out, her New York action asserts claims under the New York State Human Rights Law and New York City Human Rights Law. ECF 19 at 6. Her claims in this matter arise under 42 U.S.C. § 1981 and the D.C. Human Rights Act. *Id.* at 4. More importantly, most of the individual Defendants here are no longer parties to the New York case. *Id.* at 10. Because this case and the New York case do not involve "substantially the same parties . . . litigating substantially the same issues," and will not completely resolve Brown's claims, a stay under *Colorado River* is not available. *Saddler v. AMEC Foster Wheeler Env't & Infrastructure, Inc.*, 253 F. Supp. 3d 210, 219 (D.D.C. 2017); *see also U.S.*

*Dominion, Inc. v. Herring Networks, Inc.*, 639 F. Supp. 3d 143, 155 (D.D.C. 2022) (similar); *Johns v. Rozet*, 770 F. Supp. 11, 15 (D.D.C. 1991) (similar); *Moses H. Cone*, 460 U.S. at 28.[2]

Separately, Defendants seek a stay under the Court's inherent equitable authority. ECF 18 at 19. Stays issued under a district court's inherent equitable authority are governed by *Landis v. North American Co.*, 299 U.S. 248 (1936). *See Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731 (D.C. Cir. 2012). A request for an equitable stay requires the Court to "weigh competing interests and maintain an even balance between the Court's interests in judicial economy and any possible hardship to the parties." *Id.* at 732–33 (citing *Landis*, 299 U.S. at 254–55, 259). A party seeking such a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else." *Landis*, 299 U.S. at 255. In other words, Defendants' hardship must clearly outweigh the harm to Brown of "undue delay." *Belize Soc. Dev. Ltd.*, 668 F.3d at 732. When, as here, the proposed stay is indefinite, the party seeking it must show a "pressing need." *Id.* (stay pending resolution of parties' separate litigation was "sufficiently indefinite to require a finding of a pressing need"); *see also Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971) (rejecting argument that stay may be based on "appeal to economy, even in the absence of interference with another proceeding").

Defendants primarily argue that discovery in this case "is sure to result in waste of judicial and party resources," ECF 18 at 20, because Brown's operative New York complaint includes factual allegations about conduct in the District of Columbia, ECF 20 at 10. As *Dellinger*

---

[2] None of the other *Colorado River* factors meaningfully advance Defendants' cause. Defendants do not argue that time of jurisdiction over property or inconvenience of federal forum favor a stay. ECF 18 at 16–17. There is nothing "truly exceptional" about the New York court's small head start. *Edge*, 927 F.3d at 554, 557. And contrary to Defendants' argument that the source-of-law factor tallies in their column, ECF 18 at 18, Brown brings claims under federal law which "must always be a major consideration weighing against surrender" of jurisdiction. *Moses H. Cone*, 460 U.S at 26; *accord Edge*, 927 F.3d at 558.

suggested, this bare "appeal to economy," 442 F.2d at 787, does not present a "clear case of hardship" or pressing need that outweighs Brown's interest in promptly litigating her claims, *Landis*, 299 U.S. at 255; *see also* ECF 19 at 14–15 (Brown noting risk that witnesses "will disperse" and "recollections will fade" during proposed indefinite stay). Defendants' complaint of added discovery burden rings all the more hollow when they have signaled, to some extent, opposition to coordinating discovery between the two cases. *See* ECF 22 at 4. That may be their prerogative, but they can hardly complain that it would be inequitable for them to shoulder an added burden they had a hand in maintaining.

Accordingly, it is

**ORDERED** that Defendants' motion to stay this action pending resolution of the parallel New York state court proceeding, ECF 18, is **DENIED**.

**SO ORDERED**.

JIA M. COBB
United States District Judge

DATE: October 14, 2026